**PATTI & PATTI, ESQS.**
255 Woodport Road
Sparta, New Jersey 07871
(973) 729-5040
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL VANCE,

       Plaintiff,

    v.

JOSEPH RIZZO, individually and as
administrator at MOUNTAINVIEW YOUTH
CORRECTIONAL FACILITY, MR. SHABBICK,
individually and as a Corrections Officer at
MOUNTAINVIEW YOUTH CORRECTIONAL
FACILITY, TIM FOWLER, individually and as a
Corrections Officer at MOUNTAINVIEW
YOUTH CORRECTIONAL FACILITY,
SERGEANT M. JOHNSON, individually and as a
Corrections Officer at MOUNTAINVIEW YOUTH
CORRECTIONAL FACILITY, LIEUTENANT
A. FRISBIE, individually and as a Corrections
Officer at MOUNTAINVIEW YOUTH
CORRECTIONAL FACILITY, CORRECTIONAL
MEDICAL SERVICES, DR. ELMIRA
KAPCHITIS, individually and as M.D. at
MOUNTAINVIEW YOUTH CORRECTIONAL
FACILITY, DR. ALDO FREDO, individually and
as D.M.D. at MOUNTAINVIEW YOUTH
CORRECTIONAL FACILITY, DR. PAUL
CROWLEY, individually and as D.M.D. at
MOUNTAINVIEW YOUTH CORRECTIONAL
FACILITY, DR. BHARATHUMAR PATEL,
individually and as M.D. at MOUNTAINVIEW
YOUTH CORRECTIONAL FACILITY, NURSE
ROE 1-100, individually and as Nurses and/or
Licensed Practical Nurses at MOUNTAINVIEW
YOUTH CORRECTIONAL FACILITY,

DOCKET NO. 06-672(GEB)

Civil Action

MOUNTAINVIEW YOUTH CORRECTIONAL  :
FACILITY, DR. STEVEN KATZ, individually and :
as M.D. at ST. FRANCIS MEDICAL CENTER,      :
DR. DAVID HERTZOG, individually and as M.D. :
at ST. FRANCIS MEDICAL CENTER,                     :
DR. EUGENE SAGER, individually and as          :
D.M.D. at ST FRANCIS MEDICAL CENTER,         :
ST. FRANCIS MEDICAL CENTER, GERARD          :
JABLONOWSKI, individually and as President/   :
CEO of defendant St. Francis Medical Center,       :
DEVON BROWN, Commissioner of State of New  :
Jersey, Department of Corrections John Doe 1-100  :
and Jane Roe 1-100.                                              :
                                                                              :
          Defendants.                                               :
                                                                              :
_____:

Plaintiff Michael Vance, by his attorneys, the Law Firm of Patti & Patti, Esqs., by

way of complaint against the defendants, states the following:

## PARTIES

1.       Plaintiff Michael Vance ("plaintiff Vance") is a citizen of the United

States and an individual who resides at Highbridge Road, Yardville, New Jersey.

2.       Upon information and belief, defendant Joseph Rizzo ("defendant Rizzo")

is the Administrator of defendant Mountainview Youth Correctional Facility ("defendant

MYCF"). MYCF maintains an address at 31 Petticoat Lane, Annandale, New Jersey and

has a mailing address at P.O. Box 994, Annandale, New Jersey 08801.

3.       Upon information and belief, defendant Shabbick ("defendant Shabbick")

is a State Corrections Officer (SCO) at MYCF, 31 Petticoat Lane, Annandale, New

Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801

4.       Upon information and belief, defendant Tim Fowler ("defendant Fowler")

2

is an SCO at MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801.

5.     Upon information and belief, defendant M. Johnson ("defendant Johnson") is an SCO with the rank of Sergeant at MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801.

6.     Upon information and belief, defendant A. Frisbie ("defendant Frisbie") is an SCO with the rank of Lieutenant at MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801.

7.     Upon information and belief, Alain Carre resides at Bayside State Prison, with a mailing address of P.O. Box F-1, Leesburg, New Jersey 08327.

8.     Upon information and belief, defendant Correctional Medical Services ("defendant CMS") was contracted by the State of New Jersey Department of Corrections to provide medical services to the inmate population at defendant MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801.

9.     Upon information and belief, defendant Elmira Kapchitis, M.D. ("defendant Kapchitis"), at all relevant times worked as a physician for defendant CMS at defendant MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801 who provided care and treatment for plaintiff Vance.

10.     Upon information and belief, defendant Aldo Fredo, D.M.D. ("defendant Fredo"), at all relevant times worked as a physician for defendant CMS at defendant MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box

3

994, Annandale, New Jersey 08801 who provided care and treatment for plaintiff Vance.

11.     Upon information and belief, defendant Paul Crowley, D.M.D. ("defendant Crowley"), at all relevant times worked as a physician for defendant CMS at defendant MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801 who provided care and treatment for plaintiff Vance.

12.     Upon information and belief, defendant Bharathumar Patel, M.D. ("defendant Patel"), at all relevant times worked as a physician for defendant CMS at defendant MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801 who provided care and treatment for plaintiff Vance.

13.     Upon information and belief, defendant Nurse Roe 1-100, at all relevant times worked as either Registered Nurse(s) or Licensed Practical Nurse(s) for defendant CMS at defendant MYCF, 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801 who provided care and treatment for plaintiff Vance.

14.     Upon information and belief, defendant Steven Katz, M.D. ("defendant Katz"), at all relevant times was a physician at defendant St. Francis Medical Center, 601 Hamilton Ave. Trenton, New Jersey 08629 who was contracted by the State of New Jersey, Department of Corrections to provide emergency medical care for inmates from defendant MYCF.

15.     Upon information and belief, defendant David Hertzog, M.D. ("defendant Hertzog"), at all relevant times was a physician at defendant St. Francis Medical Center,

601 Hamilton Ave. Trenton, New Jersey 08629 who was contracted by the State of New Jersey, Department of Corrections to provide emergency medical care for inmates from defendant MYCF.

16.     Upon information and belief, defendant Eugene Sager, D.M.D. ("defendant Sager"), at all relevant times was a physician at defendant St. Francis Medical Center, 601 Hamilton Ave. Trenton, New Jersey 08629 who was contracted by the State of New Jersey, Department of Corrections to provide emergency medical care for inmates from defendant MYCF.

17.     Upon information and belief, defendant St. Francis Medical Center ("defendant St. Francis"), maintains an address at 601 Hamilton Ave., Trenton, New Jersey 08629 and was contracted by the State of New Jersey, Department of Corrections to provide emergency medical care for inmates from defendant MYCF.

18.     Upon information and belief, defendant Gerard Jablonowski ("defendant Jablonowski") is or was the Chief Executive Officer for defendant St. Francis, 601 Hamilton Ave., Trenton, New Jersey 08629.

19.     Upon information and belief, defendant MYCF maintains an address of 31 Petticoat Lane, Annandale, New Jersey with a mailing address at P.O. Box 994, Annandale, New Jersey 08801.

20.     Upon information and belief, defendant Devon Brown ("defendant Brown") is or was the Commissioner of the State of New Jersey, Department of Corrections with an address of Whittlesey Road, Trenton, New Jersey with a mailing address of P.O. Box 863, Trenton, New Jersey 08625.

## JURISDICTION AND VENUE

21.     This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343. Venue is proper pursuant to 28 U.S.C. § 1391 (a) in that a substantial part of the events or omissions giving rise to the claim occurred in the District of New Jersey. Alternatively, venue is proper pursuant to 28 U.S.C. § 1391 (b) in that one or more of the defendants resides in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

22.     On or about March 6, 2004, plaintiff Vance was a prisoner at defendant MYCF assigned to the second floor of cottage 10.

23.     On or about March 6, 2004, Alain Carre was a prisoner at defendant MYCF also assigned to the second floor of cottage 10.

24.     At approximately 2:15 p.m. on the said date, without provocation or warning, plaintiff Vance was suddenly and violently assaulted by Alain Carre, while going into his footlocker.

25.     On the said date and at about the same time, Alain Carre repeatedly and violently kicked plaintiff Vance in the face and head while wearing State issue prisoner boots causing severe and permanent injury to plaintiff Vance's face and jaw.

26.     At the time of the assault, defendants Shabbick and Fowler were on duty and were assigned to the second floor, cottage 10, post.

27.     Prior to the assault, defendants Shabbick and Fowler left their post thereby leaving the second floor, cottage 10 entirely unattended and unsupervised.

28.     Prior to leaving their post, defendant Shabbick was to have been relieved by defendant Fowler.

29. At the time of the assault, both defendant Shabbick and defendant Fowler were on the first floor, cottage 10, leaving the second floor, cottage 10 entirely unattended and unsupervised.

30. Immediately following the assault, plaintiff Vance began choking on his blood and for approximately the next 10 minutes he was spitting blood in the window sill of his bed area, 18 low.

31. At approximately 2:25 p.m. a Code 33 was called over the intercom whereby several SCO's and supervisors arrived on the scene. The Code 33 was initiated by another inmate activating the alarm that was located behind the station where defendants Shabbick and Fowler were supposed be occupying.

32. The several SCO's and supervisors escorted plaintiff Vance to the infirmary where he was examined by various nurses. While there, defendant Johnson questioned plaintiff Vance about the incident. Being in severe pain and badly bleeding, plaintiff Vance could not talk.

33. As a result of the above questioning, defendant Johnson filed a false Incident Report falsely accusing plaintiff Vance of fighting with another inmate.

34. This false incident report led to the filing of an institutional fighting charge to be lodged against plaintiff Vance.

35. After being examined at defendant MYCF infirmary, plaintiff Vance was transferred to defendant St. Francis Emergency Room in Trenton, New Jersey.

36. Upon arriving at defendant St. Francis Emergency Room, X-rays were taken of plaintiff Vance's jaw. However, he was never examined by a single physician. He was instead discharged as being "stable" and brought back to defendant MYCF

infirmary without any medical treatment being rendered.

37.     Upon returning to defendant MYCF, plaintiff Vance was informed that his jaw was fractured and that defendant St. Francis made a big mistake in releasing him.

38.     Due to the severity and seriousness of the injuries and the severe pain plaintiff Vance was experiencing, the nursing staff at defendant MYCF arranged for plaintiff Vance to be transferred to the University of Medicine and Dentistry of New Jersey ("UMDNJ") in Newark, New Jersey.

39.     While at the UMDNJ Emergency Room, plaintiff Vance learned that his jaw was fractured in two places and would require surgery.

40.     On March 9, 2004 surgery was performed on plaintiff Vance's jaw at UMDNJ and his jaw was wired.

41.     On March 10, 2004, plaintiff Vance was transferred to the Northern State Prison infirmary in Newark, New Jersey.

42.     On March 11, 2004, plaintiff Vance was released back to defendant MYCF infirmary where he stayed for the next one month.

43.     While at defendant MYCF infirmary, plaintiff Vance was denied adequate medical care. He was to be on a liquid diet due to his jaw being wired. The nursing staff repeatedly brought apples, meat, and other types of hard food that was impossible for plaintiff Vance to eat. Plaintiff Vance repeatedly complained about this problem and was ignored.

44.     The medical department and/or pharmacy continually ran out of the liquid antibiotics that were prescribed and instead plaintiff Vance was forced to take his medication in crushed pill form dissolved in water. The bitter taste of the concoction

made plaintiff Vance vomit. A nurse then forced him to sign a refusal form. Plaintiff Vance repeatedly complained to the nursing staff and defendants Fredo and Crowley and the problem was ignored.

45.   Sometime in April or May of 2004, plaintiff Vance was discharged from the infirmary and returned to general population until his release on September 27, 2005. Initially, plaintiff Vance would undergo periodic check-ups at UMDNJ. The UMDNJ oral surgeon would write prescriptions that the defendant MYCF medical and dental staff refused to fill.

46.   On May 4, 2004, the wires were removed from plaintiff Vance's jaw at UMDNJ. The oral surgeon had scheduled a follow-up exam but defendant MYCF never brought plaintiff Vance to UMDNJ for the exam.

47.   Thereafter, defendants Kapchitis, Crowley, Fredo, and Patel provided inadequate medical care by denying and/or delaying treatment. Further, these defendants did not adequately and properly respond to plaintiff Vance's medical complaints and they often appeared to be unfamiliar with plaintiff Vance's condition. Defendant Crowley commenced a root canal procedure and left it unfinished.

48.   Defendant Crowley thereafter stated that it was too costly for the facility to complete the root canal and defendant MYCF never provided adequate medical care for plaintiff's broken wisdom tooth that also resulted from the assault.

49.   The assault of plaintiff Vance has resulted in a fractured jaw in two places, nerve damage, permanent numbness, a broken tooth, TMJ and an incomplete root canal. Plaintiff Vance continues to experience numbness, severe pain, discomfort, TMJ, difficulty sleeping and eating and experiences repeated episodes of his jaw "locking" up

requiring multiple emergency room visits.

## FIRST COUNT
### (SCO Shabbick, SCO Tim Fowler,
### Sergeant M. Johnson, Lieutenant A. Frisbie,
### Joseph Rizzo, MYCF, Devon Brown, John Doe 1-100,
### and Jane Roe 1-100)

51.    Plaintiff Vance hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

52.    Pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, there exists a prohibition against "cruel and unusual punishment" and the unnecessary and wanton infliction of pain against prisoners, pre-trial detainees and any individuals who are being held involuntarily by the State.

53.    By leaving their post completely unattended defendants Shabbick and Fowler created and/or disregarded an excessive risk to plaintiff Vance's health and safety by creating an opportunity for another inmate to violently attack plaintiff Vance.

54.    Similarly, in leaving their post completely unattended defendants Shabbick and Fowler failed to protect plaintiff Vance from a violent attack at the hands of an inmate with a known history of violence thereby disregarding an excessive risk to plaintiff Vance's health and safety.

55.    By leaving their post unattended and thereby creating and disregarding an excessive risk to plaintiff Vance's health and safety, defendants Shabbick and Fowler violated plaintiff Vance's rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution by inflicting "cruel and unusual punishment" and unnecessary wanton infliction of pain on him.

56.     Because, *inter alia*, they failed to train and supervise their employees; were grossly negligent in the supervision of their subordinates; created and/or permitted a policy or custom under which unconstitutional practices occurred and/or because this problem had occurred on numerous previous occasions and by failing to take appropriate remedial measures, defendants Shabbick, Fowler, Johnson, Frisbie, Rizzo, John Doe 1-100 and Jane Roe 1-100, may be held liable.

57.     Similarly, because they created and/or permitted a policy or custom under which unconstitutional practices occurred as evidenced by, *inter alia*, the affirmative conduct of defendants Shabbick, Fowler, Johnson, Frisbie, Rizzo, John Doe 1-100 and Jane Roe 1-100, defendant MYCF, and Brown, may be held liable.

58.     Because defendants Shabbick, Fowler, Johnson, Frisbie, Rizzo, and John Doe 1-100 and Jane Roe 1-100 engaged in willful and wanton misconduct and/or in reckless or callous indifference to plaintiff Vance's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, plaintiff Michael Vance demands judgment against defendants Shabbick, Fowler, Johnson, Frisbie, Rizzo, MYCF, and Devon Brown for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

**COUNT TWO**
**(Correctional Medical Services, Elmira Kapchitis, M.D.**
**Aldo Fredo, D.M.D., Paul Crowley, D.M.D., Bharathumar**
**Patel, M.D., Nurse Roe 1-100, Steven Katz, M.D., David Hertzog,**
**M.D., Eugene Sager, D.M.D., St. Francis Medical Center,**
**Gerard Jablonowski and Devon Brown)**

59.     Plaintiff Michael Vance hereby repeats and re-alleges all of the allegations

11

set forth above as if set forth at length herein.

60.    Pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, there exists a duty to provide prisoners, pre-trial detainees and any individuals who are being held involuntarily with adequate medical care, and a prohibition against "cruel and unusual punishment" and the unnecessary and wanton infliction of pain.

61.    Defendant CMS administers and/or provides medical, dental, nursing, and pharmacy services for the State of New Jersey, Department of Corrections. Defendants Kapchitis, Fredo, Crowley, and Patel, are members of the medical staff of defendant CMS and at all relevant times provided medical care and treatment to plaintiff Vance while a prisoner at defendant MYCF.

62.    Defendants Nurse Roe 1-100 are members of the nursing staff of defendant CMS and all relevant times provided nursing care to plaintiff Vance while a prisoner at defendant MYCF.

63.    Defendant St. Francis, at relevant times, was contracted by the State of New Jersey, Department of Corrections to provide emergency medical care to inmates at defendant MYCF. Defendants Katz, Hertzog, and Sager, were members of the medical staff at defendant St. Francis and at all times relevant were to provide emergency medical care to plaintiff Vance.

64.    In denying medical treatment to plaintiff Vance upon his transport to defendant St. Francis on March 6, 2004, defendants Katz, Hertzog, and Sager, violated plaintiff Vance's constitutional rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

65.     Similarly, because they created and/or permitted a policy or custom under which unconstitutional practices occurred as evidenced by, *inter alia*, the affirmative conduct of defendants Katz, Hertzog, Sager, defendants Gerard Jablonowski, and St. Francis may be held liable.

66.     In denying and/or delaying adequate medical treatment to plaintiff Vance upon his return from UMDNJ up until his release from defendant MYCF, defendants Kapchitis, Fredo, Crowley, Patel, and Nurse Roe 1-100 violated plaintiff Vance's constitutional rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

67.     Similarly, because they created and/or permitted a policy or custom under which unconstitutional practices occurred as evidenced by, *inter alia*, the affirmative conduct of defendants Kapchitis, Fredo, Crowley, Patel, and Nurse Roe 1-100 defendants Rizzo, MYCF, CMS, and Brown may be held liable.

68.     Because defendants Katz, Hertzog, Sager, Kapchitis, Fredo, Crowley, Patel, and Nurse Roe 1-100 engaged in willful and wanton misconduct and/or in reckless or callous indifference to plaintiff Vance's rights, the imposition of punitive damages against these parties is warranted.

WHEREFORE, the plaintiff Michael Vance demands judgment against defendants Katz, Hertzog, Sager, Kapchitis, Fredo, Crowley, Patel, CMS, Rizzo, MYCF, Jablonowski, St. Francis, and Brown for (1) compensatory damages; (2) punitive damages; (3) costs and reasonable attorneys fees pursuant to 42 U.S.C. § 1988; and (4) such other relief as this court deems just and proper.

13

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable therein.


                                        **PATTI & PATTI, ESQS.**
                                        Attorneys for Plaintiff

                                    By: _____
                                        JEFFREY M. PATTI

Dated: February 10, 2006